IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD JAMES,**

    **Plaintiff,**

v.                                                          Case No. 12-cv-22-DRH-SCW

**JASPER MYERS and
SUPER SERVICE, LLC,**

    **Defendant.**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I.    INTRODUCTION

The issue before the Court is the determination of the relevant citizenship of defendant Super Service, LLC, for purposes of federal diversity jurisdiction under 28 U.S.C. § 1332, as the Court is obligated to raise *sua sponte* whether it has subject matter jurisdiction over this case. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings")). As the Court declines defendants' invitation to depart from controlling Seventh Circuit precedent, it must **REMAND** to the Third Judicial

District of Madison County, Illinois two related cases defendants removed to this Court. *See Hart v. Myers, et al.,* 11-cv-907-DRH-SCW; *James v. Myers, et al.,* 12-cv-22-DRH-SCW.

## II. BACKGROUND

As this Order pertains to two cases currently before the Court, a brief recital of the background of both actions is necessary. On October 7, 2011, defendants removed a personal injury action to this Court from Madison County, Illinois, based on diversity jurisdiction. *See Hart v. Myers*, *et al.,* 11-cv-907. Pertinent to the instant inquiry, defendants' notice of removal states plaintiff John Hart resides in and is a citizen of Illinois. Defendants allege defendant Jasper Myers is a resident and citizen of South Carolina. Defendant Super Service, LLC, is, obviously, a limited liability company. In support of defendants' allegations of diversity of citizenship, the notice of removal simply states Super Service, LLC's, principal place of business is Michigan, while its state of incorporation is Delaware (11-cv-907, Doc. 4).

Thus, as defendants' notice of removal inadequately alleged Super Service, LLC's, citizenship, the Court ordered defendants to brief the subject matter jurisdiction of their cause of action on October 11, 2011 (11-cv-907, Doc. 5)(citing *Lear Corps. v. Johnson Elec. Holdings Ltd.,* 353 F.3d 580, 582 (7th Cir. 2003) (stating the citizenship of all partners or investors determines the diversity of a

partnership or limited liability company)). Therefore, defendants filed a brief in support of its removal on October 25, 2011 (11-cv-907, Doc. 8).

In addition to the allegations recited in its notice of removal, the defendants' brief goes on to state the sole member of Super Service, LLC, is Super Service Holding, LLC, which, similarly to Super Service, LLC, has its principal place of business in Michigan and is incorporated in Delaware. Further, the notice states Super Service Holding, LLC's, sole member is Wayzata Opportunities Fund II, LP, (Wayzata) which has its principal place of business in Minnesota and is organized in Delaware. Although defendants' brief provides slightly more relevant information than its initial notice of removal, for reasons cited herein, defendants' brief is still insufficient to demonstrate the Court has proper subject matter jurisdiction over the instant controversies.

To best illustrate defendants' insufficiencies, the Court now turns to *James v. Myers, et al.,* 12-cv-22, a companion case to the previously discussed action arising from the same set of facts. The procedural history of *James v. Myers, et al.,* 12-cv-22, is for all relevant purposes identical to that of *Hart v. Myers, et al.,* 11-cv-907, as the claims arise from the same facts, the defendants are identical, and the plaintiff is similarly an alleged citizen of Illinois. Thus, citing to *Belleville Catering Co. v. Champion Mkt. Place, L.L.C.,* 350 F.3d 691, 692 (7th Cir. 2003) (holding limited liability companies and limited partnerships are a citizen of every

state in which they have a member), the Court Ordered defendants to submit a brief alleging the citizenship of each of Wayzata's members (12-cv-22, Doc. 3).

In contrast to the brief defendants filed in *Hart v. Myers, et al.,* 11-cv-907, defendants' brief in *James v. Myers, et al.,* 12-cv-22, acknowledges the Court requires allegations of the citizenship of every member of Wayzata to determine whether it has subject matter jurisdiction over the instant controversies. However, defendants argue, as Wayzata is an "investment fund with tens of thousands of investors," it is "virtually impossible" for it to allege the citizenship of each of its members." Thus, defendants argue this Court should "confer jurisdiction over this matter on the basis that Super Service, LLC, Super Service Holding, LLC and Wayzata Opportunities Fund, LP are not organized or principally located in the same state as the Plaintiff." Further, defendants argue, as the Court "ultimately accepted" jurisdiction over *Hart v. Myers, et al.,* 11-cv-907, under the same circumstances, the Court should similarly accept jurisdiction over *James v. Myers, et al.,* 12-cv-22 (12-cv-22, Doc. 7). Defendants' assertion the Court "ultimately accepted" jurisdiction over *Hart v. Myers, et al.,* 11-cv-907, misstates the record. The Court made no such finding and instantly holds, due to defendants' own admission that the requisite allegations are impossible to plead, must now decline jurisdiction over both causes of action and remand them to Madison County, Illinois.

### III.  LAW AND APPLICATION

Defendants removed these cases on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs.  The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand.  *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).  Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt.  *See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997).  "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'"  *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted).  However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Instantly, the relevant inquiry pertains to whether defendants have adequately alleged complete diversity, as defendants request the Court look to the states of incorporation and principal places of business of the pertinent limited liability companies and limited partnership, in determining defendants'

citizenship. However, the Seventh Circuit has made abundantly clear that the Court must consider the citizenship of all the members of defendant Super Service, LLC, through the pertinent limited liability company, Super Service Holding, LLC, through all the layers of ownership of the pertinent limited partnership, Wayzata, until the Court reaches only individual human beings and corporations.

In *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), the Seventh Circuit held courts should treat a limited liability company like a partnership for purposes of diversity jurisdiction. Thus, the citizenship of each of a limited liability company's members establishes whether complete diversity exists among the parties. *See id.* Further, the Supreme Court has directly held that a limited partnership has the citizenship(s) of each of its general and limited partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (rejecting argument that only citizenship of general partners should be considered). The Seventh Circuit has continuously applied both general rules to limited liability companies and limited partnerships. *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (stating, "[t]hus. we have explained that the 'citizenship of unincorporated associations must be traced through however many layers of partners or members there may be'") (quoting *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)). Thus, a federal court must know each member's citizenship, and if necessary, each member's members' citizenship.

Despite the aforementioned controlling precedent, defendants request the Court look to the principal places of business and states of incorporation of defendant Super Service, LLC, its relevant member, another LLC, and its member's member, Wayzata, in determining Super Service, LLC's, citizenship. However, defendants do not cite legal authority for this assertion. As previously explained, the Seventh Circuit requires defendants to allege the citizenship of each of Wayzata's members to properly allege complete diversity exists among the parties. However, as defendants admit it is "virtually impossible" to allege the citizenship of Wayzata's members, defendants have not met their burden of presenting competent proof, or a reasonable probability, that complete diversity exists among the parties.

## IV.  CONCLUSION

As defendants cannot meet their burden of establishing complete diversity exists among the parties, the Court is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** *Hart v. Myers, et al.,* 11-cv-907, and *James v. Myers, et al.,* 12-cv-22, back to the Third Judicial District of Madison County, Illinois.

**IT IS SO ORDERED.**

Signed this 16th day of February, 2012.

David R. Herndon
2012.02.16 10:19:39
-06'00'

**Chief Judge**
**United States District Court**